IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTIONS FOR RELEASE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Walter Dushun Holmes, Jr., | ) | Case Nos. 1:17-cr–098 and 1:22-cr-134 |
| | ) | |
| Defendant. | ) | |

Before the court are motions for reconsideration of the court's detention orders and for further hearing filed by Defendant on May 31, 2023. See United States v. Holmes, Case No. 1:17-cr-098 (D.N.D.) ("Holmes I") at Doc. No. 191; United States v. Holmes, Case No. 1:22-cr-134 (D.N.D.) ("Holmes II") at Doc. No. 157. For the reasons that follow, the motions are denied.

Defendant is charged in a petition with violating the conditions of his supervised release in Holmes I. See Holmes I at No. 155. In Holmes II, he is charged in a Superseding Indictment with one offense: conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846. See Holmes II at Doc. No. 44.

On September 13, 2022, Defendant made his initial appearance on the petition in Holmes I and, on motion by the United States, was ordered detained by the court pending a preliminary hearing and detention hearing on September 19, 2022. See Holmes I at Doc. Nos. 172 and 176. Following the preliminary hearing and detention hearing, finding that there was probable cause to believe that he had committed three of the four violations alleged in the petition and that he had failed to meet his evidentiary burden regarding his danger and risk of flight, the court ordered him detained pending a final revocation hearing. See id. at Doc. No. 179.

1

On September 22, 2022, Defendant made his initial appearance in Holmes II and was arraigned. See Holmes II at Doc. No. 49. Following further hearing on the issue of his release or detention on September 27, 2022, the court ordered him detained pending trial, opining:

> Defendant has not presented evidence to rebut the presumption of detention. Defendant has recent allegations that he failed to abide by court-imposed conditions, and faces a detention order in that case as well. He also has no appropriate release option immediately available to him. Defendant has an interest in treatment, but that it is also currently not an option. Further, Defendant has a significant criminal history of drug-related conduct, and Defendant does not have resources currently available to support independent living. Defendant shall remain in custody at this time. Defendant's name shall be added to the list for potential placement at a residential reentry center.

Id. at Doc. No. 55.

Defendant now requests the court to reconsider its detention orders. First, he asserts that the United States' case against him in Holmes II is weak as he has four alibi witnesses who will dispute his involvement in the alleged conspiracy case. Second, he asserts that he now been subjected to over eight months of "oppressive pre-trial incarceration." Holmes II at Doc. No. 157. In so doing, he notes that his motion for a severance in Holmes II was denied in part and that his trial has been continued three times over his objection and once with his assent. Third, he expresses concern regarding the viability of his current trial date of July 18, 2023, given the court's congested trial calendar. Finally, he presents the court with the following release plan: release to Bless Builder's sober living facility in Bismarck and participation in an outpatient treatment program through West Central Human Service Center.

On June 9, 2023, the United States filed responses in opposition to Defendant's motions. See Holmes I at Doc. No. 192; Holmes II at Doc. No. 164. Anticipating that Defendant's alibi witnesses will testify that Defendant could not have committed the offenses charged as he was out

of the district, it stresses that Defendant's travel outside of the district without the prior permission of his supervising probation officer would constitute a violation of his conditions of supervised release. It further asserts that Defendant's alibi does not cover the entire scope of the time frame charged in the conspiracy. Finally, it asserts that any suggestion that Defendant's speedy trial rights have been violated is specious. More specifically, it asserts: (1) "[i]n each continuance order issued by the District Court in this case, the District Court has complied with the Speed Trial Act and excluded any delay based on continuances from the Speedy Trial Act's requirements for bring Defendant to trial;" and (2) the duration of Defendant's pretrial detention does not meet the threshold for a presumptively prejudicial delay. Holmes II at Doc. No. 164.

On June 12, 2023, Defendant filed replies in support of his motions. See Holmes I at Doc. No. 193; Holmes II at Doc. No. 165. Therein he takes position that the United States "misses the point" with respect to his alibi and his speedy trial concerns. With respect to the latter, he clarifies that "while today there may not be a speedy trial violation (via the Speedy Trial Act or the Constitutional right), [he] is concerned that such a violation is imminent in this case." Holmes II at Doc. No. 165.

Statute provides that a detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). Consequently, to reopen a detention hearing a defendant must, first, present information that was not known or available to him at the time of his original detention hearing, and then, second, show that such information is material to and has a substantial bearing on whether he

should remain detained.

The court is not on the present record inclined to reopen Defendant's detention hearing or otherwise reconsider its order detaining him. First, Defendant is not asserting that his speedy trial rights have been violated. He acknowledges as much in his replies. It would also stand to reason that Defendant would have not have filed a motion for reconsideration of detention but rather a motion to dismiss in Holmes II if he believed that he has been improperly denied his right to a speedy trial.

The court appreciates Defendant's concern regarding the viability of his trial date. Such concern does not constitute a basis for reconsideration of the court's detention order, however. His trial is scheduled to commence on July 18, 2023. Neither the United States or any of his co-defendants have requested a continuance. Should any of them request a continuance, he will be afforded the opportunity to respond before any action is taken.

Second, while a placement at Blessed Builders and Defendant's representation regarding his abili constitute new information and arguably rebut the presumption of detention in the above-captioned action, they do not tip the balance of the 18 U.S.C. § 3142(g) factors in favor of his release. Moreover, this information does not constitute clear and convincing evidence that he is neither a danger nor a risk of flight for purposes of Holmes I. Finally, even if the presumption of detention in Holmes II is rebutted, the presumption remains one factor of several for the court to consider. The weight of the evidence against him, his history and characteristics, and danger he may pose to any persons or the community are other factors the court must weigh.

Here, the weight of the evidence remains strong despite Defendant's assertion regarding his alibi. The court further notes the nature of the charged offense, which Defendant is alleged to have

committed while on supervised release, Defendant's history of noncompliance with court-imposed conditions of release, the existence of Defendant' alleged further violations of court-imposed conditions of release, and Defendant's history of substance abuse. Finally, the court notes that, unlike a residential reentry facility, Defendant's proposed residence–Blessed Builders–lacks the structure, security, and supervision required given Defendant's history and characteristics. Consequently, the court finds that a placement at Blessed Builders would not sufficiently ensure either Defendant's appearance at future proceedings or the safety of the community. Defendant's motions reconsideration and further hearing, Holmes I at Doc. No. 191 and Holmes II at Doc. No. 157, are therefore **DENIED**.

**IT IS SO ORDERED.**

Dated this 26th day of June, 2023.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court